# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CLIFF O. HANSON,**

    Plaintiff,

vs.                                             Case No. 4:09cv402-RH/WCS

**CITY OF TALLAHASSEE, et al.,**

    Defendants.

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983, has filed an amended complaint. Doc. 6. Plaintiff has also filed a motion seeking the appointment of counsel to represent him. Doc. 7.

Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990). Having reviewed Plaintiff's claims, the motion for counsel will be denied as the legal issues presented here lack merit.

Plaintiff's complaint is against the City of Tallahassee, and Tallahassee police officer Jason Colson. Doc. 6. Plaintiff alleges that following an altercation with another citizen, Plaintiff "fled the scene and contacted the police." Id., at 4. When the police arrived, however, Plaintiff was arrested instead of the other person. Id. Plaintiff claims an unfair investigation was conducted by Defendant Colson and the police report was fabricated. Plaintiff was booked into the Leon County Jail on September 23, 2006, and charged with aggravated assault with a deadly weapon. Id., at 4-5.

Plaintiff then relates the various stages of his criminal case. He was released on bond, was arrested for failure to appear in court, and entered a plea in February of 2007. Id., at 6. After acceptance of the plea, Plaintiff attempted to withdraw his plea,[1] but was unsuccessful. Id. Plaintiff now claims he was "tricked into a plea bargain and out of his liberty." Id. Plaintiff was unsuccessful on appeal.[2]

Plaintiff asserts the violation of his Fourteenth Amendment rights to due process and equal protection. Doc. 6, p. 8. Plaintiff claims Defendant wrongfully seized him and deprived him of his liberty without due process. Construed liberally, Plaintiff has also

---

[1] Plaintiff states that his "plea was for 12 months probation" but Plaintiff acknowledges having "difficulties on said probation and ultimately spent 17 months in prison, solely on said charges." Id., at 7.

[2] Plaintiff's initial appeal was dismissed in a *per curiam* unpublished decision, 973 So.2d 1128 (Table), 2008 WL 217162 (Fla. 1st DCA Jan. 28, 2008), and then Plaintiff's petition for a belated appeal was denied on June 3, 2009, with rehearing denied on July 9, 2009. Hanson v. State, 18 So.3d 615 (Fla. 1st DCA 2009). The 2009 denial reflects that the district court had "relinquished jurisdiction to the circuit court to conduct an evidentiary hearing." 18 So.3d at 615. A special master heard testimony and recommended denial of Plaintiff's belated appeal. The court of appeals affirmed that recommendation and denied the petition "on the merits." Id. The court noted that Plaintiff had entered a plea limiting his ability to file an appeal. Id., at 616.

alleged a claim for malicious prosecution. *Id.* Plaintiff has also claimed the denial of his equal protection rights. *Id.* Plaintiff seeks monetary damages.

As Plaintiff was advised in the prior order, his claim that all defendants "maliciously used a legal process to accomplish some ulterior purpose for which it was not designed or intended," is not a viable claim. Florida law governs a § 1983 claim for malicious prosecution.[3] Eidson v. Arenas, 910 F. Supp. 609, 613 (M.D. Fla. 1995); Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998). Under Florida law, to prevail in a malicious prosecution action a plaintiff must establish that: (1) an original criminal or civil judicial proceeding was commenced against the present plaintiff; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff; (3) a bona fide termination of the original proceeding in favor of the present plaintiff; (4) an absence of probable cause for the original proceeding; (5) the presence of malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding. Alamo Rent-A-Car, Inc. v. Mancusi, 632 So. 2d 1352, 1355 (Fla. 1994); *see also* Heck v. Humphrey, 512 U.S. 477, 484, 114 S. Ct. 2364, 2371, 129 L. Ed. 2d 383 (1994) (finding "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."). A plaintiff's inability to satisfy any one of these six elements defeats the action. Alamo, 632 So. 2d at 1355; Scozari v. Barone, 546 So. 2d 750, 751 (Fla. 2d DCA 1989). The "favorable termination" element may be satisfied either by a favorable decision "on the merits" or a bona fide termination of the proceedings. Union Oil of

---

[3] The right to be free from malicious prosecution is founded upon the Fourth Amendment. Uboh v. Reno, 141 F.3d 1000, 1003 (11th Cir. 1998).

California Amsco Div. v. Watson, 468 So. 2d 349, 353 (Fla. 3d DCA 1985).  "Bona fide" means "the termination was not bargained for[4] or obtained by the accused upon a promise of payment or restitution."  Union Oil, 468 So. 2d at 353, n. 3; Freedman v. Crabro Motors, Inc., 199 So. 2d 745 (Fla. 3d DCA 1967).

In criminal cases, it is well established that only terminations indicating "that the accused is innocent" are considered favorable.  Uboh, 141 F.3d at 1004, *citing* Hilfirty v. Shipman, 91 F.3d 573, 580 (3rd Cir.1996); Taylor v. Gregg, 36 F.3d 453, 456 (5th Cir. 1994).  "[W]ithdrawal of criminal charges[5] pursuant to a compromise or agreement does not constitute favorable termination and, thus, cannot support a claim for malicious prosecution."  Uboh, 141 F.3d at 1004-05, *citing* Taylor, 36 F.3d at 455-56.

Plaintiff cannot show the favorable termination requirement because Plaintiff entered a plea to the criminal charge.  Despite being advised that this claim could not proceed, Plaintiff has retained it in the amended complaint.  Plaintiff fails to state a claim for malicious prosecution and this claim should be dismissed.

Furthermore, Plaintiff cannot succeed on his due process claim.  A litigant may not seek monetary damages for an allegedly unlawful arrest which resulted in a conviction because to do so would, in effect, be a challenge to the conviction.  Civil

---

[4] If "the bargaining constitutes nothing more than a promise to pay what was offered before the charges were brought, and the negotiations reflect the accused's innocence, then the termination would still be bona fide."  Alamo, 632 So. 2d at 1356.

[5] "Similarly, courts have refused to permit a finding of favorable termination where the stated basis for the dismissal of criminal charges has been 'in the interests of justice' . . .  or where a conviction has been reversed and the cause expressly remanded for retrial."  Uboh, 141 F.3d at 1004-05, *citing* Brandley v. Keeshan, 64 F.3d 196, 199 (5th Cir.1995).  Therefore, if "a plaintiff establishes that an underlying criminal case was nol prossed and presents evidence that the nol pros was not the result of a negotiated plea or bargain," he has met his burden.  Alamo, 468 So. 2d at 353.

rights actions cannot be used to collaterally challenge either a conviction or period of confinement. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973). Such an attack is a *habeas corpus* claim and may only be litigated through the filing of a habeas petition under 28 U.S.C. § 2254.

If Plaintiff's due process rights were violated when he was arrested by the Defendant, or if Plaintiff could present any facts to show how his equal protection rights were violated,[6] those claims would be barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). A claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck, 114 S. Ct. at 2372. A civil rights case cannot invalidate an outstanding conviction, and Plaintiff cannot succeed on any of his claims because doing so would necessarily call into question the validity of his conviction. Therefore, this action should be dismissed *sua sponte* as it is barred by Heck and fails to state a claim.

---

[6] As presented, Plaintiff has not shown that he was treated differently than any other identifiable group of persons. Plaintiff fails to state a claim for denial of equal protection.

Case No. 4:09cv402-RH/WCS

Accordingly, it is **ORDERED** that Plaintiff's motion requesting the appointment of counsel, doc. 7, is **DENIED**.

Further, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 6, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on December 23, 2009.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**